UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 08-122-P-H** |
| | ) | |
| **ANTHONY JONES,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S NOTICE CHALLENGING
PROOF OF QUALIFYING CONVICTION**

This is a proceeding under 21 U.S. C. § 851. The government filed an Information, charging that the defendant was previously convicted under docket number 97-11646 in Suffolk County Superior Court, Suffolk County, Massachusetts, of a felony drug crime on December 17, 1997. If that conviction occurred, it would enhance his sentence for the crime to which he has conditionally pleaded guilty in this court (possession with intent to distribute 5 grams or more of crack cocaine). The defendant proceeded to deny the Massachusetts conviction, and put the government to its burden of proof under 851(c) to establish the fact of conviction beyond a reasonable doubt. Accordingly, I held an evidentiary hearing under § 851(c) on November 12, 2009, as required by the statute.

The parties did not address whether the Federal Rules of Evidence apply. Rule 1101(d)(3) excludes sentencing proceedings from their application, but as

Judge Bennett has observed, it is not clear whether that exclusion applies to the unique statutory proceeding created by 21 U.S.C. § 851, with a specified different burden of proof.  United States v. Ingram, 613 F. Supp. 2d 1069, 1093-94 (N.D. Iowa 2009).  I have found no caselaw that addresses the issue.  For purposes of this proceeding only, I will assume that the Evidence Rules apply.

     Most of the caselaw concerning proof under § 851 deals with cases where identity is at stake, in other words, where the defendant denies that he was the person convicted in the previous proceeding.  See, e.g., United States v. Kellam, 568 F.3d 125, 142 (4th Cir. 2009); United States v., Arreola-Castillo, 539 F.3d 700, 705 (7th Cir. 2008); United States v. Sanchez-Garcia, 461 F.3d 939, 947-48 (8th Cir. 2006); United States v. Green, 175 F.3d 822, 833-37 (10th Cir. 1999); United States v. Lampton, 158 F.3d 251, 260 (5th Cir. 1998). At the hearing in this case, however, the defendant stipulated to identity—that he was the person who was the subject of the Massachusetts proceedings—but asserted that the government did not have proof beyond a reasonable doubt that the Massachusetts conviction of the qualifying felony had occurred.[1]  In the attempt to meet its burden of proof, the government offered seal-bearing certifications of the Massachusetts indictment and of the docket entries for the conviction in question.  Govt. Exs. 1 and 2.  Over the defendant's objection, I admitted the documents, Government Exhibits 1 and 2, de bene, because I could not rule without examining them carefully.  I now conclude that they are admissible.

---

[1] The government was prepared to present law enforcement testimony and fingerprint expert
*(continued on next page)*

**AUTHENTICITY**

As to the defendant's authenticity challenge, I conclude that Government Exhibits 1 and 2 satisfy the authentication requirement under Fed. R. Evid. 901(b)(7).  That subsection gives as an example of satisfactory authentication:

> Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

The certification, with seal attached, by Maura A. Hennigan, Clerk of the Massachusetts Suffolk County Superior Court Department of the Trial Court for the Transaction of Criminal Business, satisfies this requirement.  She certifies (the last page of the document) that "the foregoing is a true copy of the Superior Court Department of the Trial Court for the Transaction of Criminal Business, Suffolk County."  Govt. Ex. 1 at 7.  While the locution is awkward, it is apparent what is meant, that these are true copies of the court records.  In turn, her signature and identity are certified, seal attached, by Regional Administrative Justice Frank M. Gaziano.  <u>Id</u>. at 1.  He refers to Clerk Hennigan's attached attestation of "the files, records and proceedings of [the] Court" in SUCR 1997-11646.  <u>Id</u>.

Moreover, Rule 902 dispenses with extrinsic evidence of authentication for:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with [other provisions].

---

evidence on identity, and the witnesses were present in the courtroom, but were excused upon the defendant's stipulation.

Fed. R. Evid. 902(4). The documents here—the indictment and the docket entries—are certified under seal and meet the requirements of 902(1) and (2) for certification. Thus, the documents are "self-authenticated" within the meaning of Rule 902.

The defendant characterizes the record of docket entries as "just a computer printout" and therefore not a qualifying document. I see no reason for such a conclusion. In today's world of electronic case files and computerized recordkeeping, I conclude that these certified documents qualify as an "official record or report or entry therein," or "data compilations in any form." Fed. R. Evid. 902(4).

### HEARSAY

The defendant also raises a hearsay objection, but I conclude that these documents concerning the previous conviction meet the public records exception of Fed. R. Evid. 803 (8):

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel . . . .[2]

They are not subject to the exclusion for observations by "police officers or other law enforcement personnel" because court personnel documenting judicial proceedings are not in that category.

---

[2] I do not address whether, if the documents do reflect the felony conviction, they may also be admissible under the hearsay exception of Fed. R. Evid. 803(22) (judgment of previous conviction admissible for certain purposes).

4

**PROOF BEYOND A REASONABLE DOUBT**

The defendant contends that, even if they are admissible, the documents are not sufficient to prove beyond a reasonable doubt that the qualifying conviction occurred. He makes two primary arguments: first, confusion about the public record, engendered by folders in which the certified documents were sent to the U.S Attorney's Office; and second, the absence of a document that is actually the judgment of conviction, signed by a justice.

For reasons unexplained, the U.S. Attorney's office requested certified documents from the Massachusetts authorities on two occasions, and received responses on June 20, 2008, and August 20, 2009. Each time, they arrived in a blue folder, labeled "Form 104," which had pre-printed large italic script concerning the name of the court (Superior Court, City of Boston, Suffolk County, Criminal Business) with spaces to fill in dates (the first Monday of ___), the name of the case (Commonwealth of Massachusetts vs. ___) and the name of the presiding Justice. The first folder gave the case name, Commonwealth of Massachusetts vs. Anthony Jones, case number (SUCR1997-11646), inserted the date December 1997, and referred to Associate Justice James D. McDaniel. Govt. Ex. 1. The second folder gave the same case name, same case number, but inserted the date April 1998 and referred to Regional Administrative Justice Elizabeth B. Donovan. Govt. Ex. 2. The defendant argues that this apparent discrepancy calls into question the accuracy of the records. I disagree. First, the blue cover folders do not appear to be part of the certified documents. Second, examination of the docket entries that are certified reveals that on December 17,

1997, when the defendant pleaded guilty, he was sentenced to eighteen months, all but ninety days suspended, and that the court deemed the 90 days to have been served. He was discharged by Justice McDaniel on that date. Then on April 27, 1998, the defendant was found to have violated his probation, the earlier suspension of part of the sentence was revoked, sentence was imposed, and he was given credit of 119 days by RAJ [Regional Associate Justice] Donovan. It is apparent, therefore, that one of the blue folders identified the original sentencing by Justice McDaniel in December 1997, and that the other identified the resentencing (after probation violation) by RAJ Donovan in April 1998. There is no discrepancy.

    The defendant argues that there could be an error in the recordkeeping and that without the actual judgment signed by a justice, I cannot be satisfied "beyond a reasonable doubt" that the conviction occurred. Certainly, such a document would be the best evidence to prove the conviction. But the question for me is whether what the government *has* produced proves the qualifying conviction beyond a reasonable doubt. I do have the Massachusetts indictment, and it clearly charges a qualifying crime (a felony drug charge). I have the docket entries, which reflect that the defendant pleaded guilty to that charge and was sentenced to "Eighteen months House of Correction, South Bay. The Court orders ninety days of the said sentence to be served, remaining balance of the sentence suspended and probation for two years. The Court orders time deemed served."

Govt. Ex. 1 at 5; Govt. Ex. 2 at 5. Thus, the docket entries support the conviction of the qualifying felony crime.[3]

In sum, the record is not as pristine as it would be with a certified judgment signed by a Massachusetts justice. I am dealing with records of events over a decade ago from a busy state court system. But collectively the records provided persuade me beyond a reasonable doubt that this defendant, who does not challenge his identity, was in fact convicted of a qualifying drug felony in Massachusetts as charged in the information filed by the government in this case.[4]

As I regularly tell juries, proof beyond a reasonable doubt is not proof beyond all possible doubt. I find that the government has met the evidentiary standard here.

---

[3] The defendant cites United States v. Bryant, 571 F.3d 147 (1st Cir. 2009), where the court found that records from the National Crime Information Center, the New York State Police Information Network and the incarceration record from the New York State Department of Corrections were insufficient, without further inquiry into reliability, to demonstrate the defendant's New York conviction. Bryant is distinguishable because here I have judicial records to support the defendant's prior conviction.

[4] The government has also provided a third exhibit, which includes an affidavit from the Keeper of Records for the Suffolk County House of Corrections and the Suffolk County House of Corrections records for Anthony Jones. Govt. Exs. 3A and 3B. Those records reflect that the defendant was held in the House of Corrections on the charge of "POSS. W/I TO DIST. CL. B" [possession with intent to distribute Class B], that his "sanction" was "540 days," [the same as 18 months], that he was sentenced on 04/29/1998 and released on 04/18/1999. Govt. Ex. 3B at 6. The same file contains a photograph of the defendant (clearly the same person who appeared in my courtroom) and fingerprints. Id. at 8, 10-14.

The government offered the jail records as self-authenticating under Rule 902(11). The defendant challenged the admissibility of government exhibits 3A and 3B, and I admitted it de bene. I now conclude that they are inadmissible because they do not satisfy either evidentiary rule for authentication. Although the exhibit includes an affidavit of the individual responsible for maintaining the jail records, that affidavit does not provide the necessary certification for self-authentication under Rule 902(11). In addition, to be admissible under that rule the records must be admissible under 803(6) and the jail custodian's affidavit fails to state that the records were made "at or near the time of the occurrence of the matters set forth by . . . a person with knowledge" as required by rule 803(6). Finally, the records are inadmissible under Rule 901
*(continued on next page)*

The Clerk shall proceed to schedule the Presentence Conference and Sentencing Hearing.

**SO ORDERED.**

**DATED THIS 17TH DAY OF NOVEMBER, 2009**

                                                   /S/D. BROCK HORNBY
                                                 **D. BROCK HORNBY**
                                                 **UNITED STATES DISTRICT JUDGE**

---

because the government did not provide live testimony to authenticate the jail records.